IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In Re: )<br>)<br>RYCKMAN CREEK RESOURCES, LLC, *et al.*, )<br>)<br>Debtors. )<br>_____ ) | Chapter 11<br><br>Case No. 16-10292 (KJC)<br>Jointly Administered |
| )<br>Ryckman Creek Resources, LLC )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Great Salt Lake Electric Company, )<br>)<br>Defendant. )<br>_____ ) | <br><br><br><br><br>Adv. Proc. No. 16-51500 (KJC)<br>Adv. D.I. 32 |

## OPINION[1]

BY:    KEVIN J. CAREY, UNITED STATES BANKRUPTCY JUDGE

### BACKGROUND

Ryckman Creek Resources, LLC ("Ryckman" or the "Debtors") was formed to engage in the acquisition, development, marketing, and operation of an underground natural gas storage facility (the "Facility"), located in Uinta County, Wyoming. On November 2, 2011, Ryckman entered into a Credit Agreement with the prepetition lenders (the "Prepetition Lenders"), including ING Capital LLC, as the administrative agent and collateral agent ("ING" or the "Agent").

---

[1] This Court has jurisdiction to decide this matter pursuant to 28 U.S.C. § 157 and § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B) and (K).

On February 2, 2016, the Debtors filed petitions for relief under chapter 11. On March 24, 2016, the Court entered a final order in the Chapter 11 Cases authorizing the Debtors to obtain postpetition financing on a secured, superpriority basis (the "DIP Order")[2]. On April 11, 2016, ING, on behalf of Prepetition Lenders, filed a proof of claim. The proof of claim asserts a prepetition secured claim against the Debtors in an amount not less than $335,628,099.66. Great Salt Lake Electric Company ("GSL") also filed a proof of claim arising out of an oil and gas lien in the amount of $1,890,253.26.

On September 23, 2016, Ryckman initiated this adversary proceeding against GSL ("the Adversary Proceeding"). GSL filed an answer, affirmative defenses, and counterclaims.[3] Before the Court is Ryckman's Motion for Judgment on the Pleadings (the "Motion").[4] In the Motion, the Debtors seek a judgment dismissing GSL's counterclaims in their entirety, and in their favor on Count II of the Debtors' Complaint, arguing that GSL does not have a valid lien under the GSL Agreement. For the following reasons, I will grant the Debtors' motion.

## STANDARD

The Debtors move for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure ("FRCP"), made applicable by Rule 7012(b) of the Federal Rules of Bankruptcy Procedure ("FRBP"). When deciding a FRCP 12(c) motion for judgment on the

---

[2] D.I. 195. Under the DIP Order, the Debtors stipulated that the Prepetition Lenders are secured by "valid, enforceable, properly perfected, first priority, and unavoidable liens" encumbering substantially all of Ryckman's assets. DIP Order ¶ F.1. Subject to the right to bring a Challenge Action, this stipulation is binding on "the Debtors and all other persons, entities, and/or parties in all circumstances," and "the validity, extent, priority, perfection, enforceability, and non-avoidability" of the Prepetition Lender Liens is not subject to challenge by "the Debtors or any other person, entity, or party." DIP Order ¶ 24. Pursuant to the DIP Order, a "Challenge Action" is defined as an action challenging the validity, extent, priority, perfection, enforceability, and non-avoidability of the Prepetition Lender Liens. See DIP Order ¶ 27.A.
[3] Adv. D.I 28.
[4] Adv. D.I. 32.

1

pleadings based on an allegation that the plaintiff has failed to state a claim, the motion "is analyzed under the same standards that apply to a FRCP 12(b)(6) motion."[5] That is, the court must view all facts and inferences drawn from the pleadings in the light most favorable to the non-moving party.[6] The motion can be granted only if no relief could be afforded under any set of facts that could be proved.[7] However, the court need not adopt conclusory allegations or statements of law.[8] Judgment on the pleadings will only be granted if it is clearly established that no material issue of fact remains to be resolved and that the movant is entitled to judgment as a matter of law.[9]

## FACTS

Ryckman and GSL entered into an Electrical and Instrumentation Services Agreement dated August 28, 2014 (the "GSL Agreement"). Pursuant to the GSL Agreement, GSL performed work upon the Facility and furnished material to the Debtors in connection with the Facility. GSL completed its work and fully performed its duties to Ryckman. In its proof of claim, GSL claims that it properly asserted an Oil and Gas Lien for unpaid work performed on the Facility.[10]

---

[5] *Revell v. Port Auth.*, 598 F.3d 128, 134 (3d Cir. 2010), *cert. denied*, 131 S.Ct. 995, 178 L.Ed.2d 825 (Jan. 18, 2011).
[6] *Green v. Fund Asset Mgmt., L.P.*, 245 F.3d 213, 220 (3d Cir. 2001).
[7] *Data Engine Techs. LLC v. Google Inc.*, 2016 WL 5667485, at *1–2 (D. Del. Sept. 29, 2016) (citing *Turbe v. Gov't of the Virgin Islands*, 938 F.2d 427, 428 (3d Cir. 1991)).
[8] *Paoli v. Delaware*, C.A. No. 06–462–GMS, 2007 WL 4437219, at *1 (D. Del. Dec.18, 2007) (citing *In re Gen. Motors Class E Stock Buyout Sec. Litig.*, 694 F.Supp. 1119, 1125 (D. Del. 1988)).
[9] *Halpert on behalf of AsiaInfo-Linkage, Inc. v. Zhang*, 47 F. Supp. 3d 214, 216 (D. Del. 2014) (citing *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 290 (3d Cir.1988)).
[10] Claim No. 119.

## DISCUSSION

Ryckman argues it is entitled to judgment on the pleadings because the terms of the GSL Agreement establish that GSL does not hold a valid lien as a matter of law.[12] Under the GSL Agreement:

> To the extent permitted by law, Contractor, for itself and all of its Lower Tier Subcontractors and all laborers, mechanics and materialmen hereby waives and agrees not to claim any lien against the Work but shall rely solely upon the general credit of Owner[.][13]

I find this language to be unambiguous, and will therefore interpret the language as a matter of law.[14] Clearly, the term "Contractor" refers to GSL, and the term "Owner" refers to Ryckman. Thus, even viewing all facts and inferences in the light most favorable to GSL, I conclude that GSL waived any rights it might have had to assert or enforce any liens in connection with the Facility. The waiver is self-executing, and there is nothing in the GSL Agreement to suggest otherwise.

However, GSL challenges whether a "preemptive" waiver of liens in a contract, such as the Lien Waiver here, is enforceable under Wyoming law. The Debtors argue that Wyoming courts have determined that lien waivers, like the one in the GSL Agreement, are valid and enforceable

---

[12] The Court may consider matters of public record as well as authentic documents upon which the complaint is based if attached to the complaint or as an exhibit to the motion. *See Data Engine Techs. LLC v. Google Inc.*, No. CV 14-1115-LPS, 2016 WL 5667485, at *1–2 (D. Del. Sept. 29, 2016) (citing *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994)). The GSL Agreement referenced herein was attached to the Debtors' complaint as Exhibit D. Therefore, I will consider it in making a determination.
[13] GSL Agreement, Section 14.1 (the "Lien Waiver").
[14] *See Winter v. Pleasant*, 222 P.3d 828, 834 (Wyo. 2010) (the "interpretation and construction of contracts is a matter of law for the courts"). *See also* GSL Agreement at 3 ("This Agreement shall be construed and governed by the laws of the State of Wyoming.").

3

under applicable Wyoming law.[16] GSL contends that the Lien Waiver is inconsistent with the Revised Wyoming Statutory Lien Act (the "Wyoming Act"), which was amended in 2010.[17]

In particular, the parties disagree about the purpose of the form of lien waiver prescribed by § 29-10-101(b) of the Wyoming Act:

(b)    The form for waiver of a lien shall be completed in substantially the following form:

> Note to lien claimant: Signing this form has legal implications. If you have any questions regarding how to complete this form or whether it has been properly completed, you should consult an attorney.
>
> **LIEN WAIVER**
> TO:
> PROJECT:
> FROM:
> DATE:
> PAYMENT: $
> In consideration of the PAYMENT received to date, the undersigned does hereby waive, release, and relinquish any and all claim and/or right of lien against the project and the real property improvements thereto for labor and/or materials furnished for use in construction of the project; provided however, the undersigned reserves all claims and/or rights of lien as to monies withheld as retainage in the amount of $_____, and any labor and/or materials hereafter furnished for which payment has not yet been made. The undersigned has not been paid the sum of $_____ for work performed and/or materials provided under contract on this project and retains the right to file a lien against the property and pursue any and all actions to recover the full amount due, including any and all equitable claims. The undersigned acknowledges receipt of payment for work performed or materials provided and acknowledges that this waiver may be relied upon by the owner even if the undersigned accepts payment in uncertified funds and such payment is subsequently dishonored or revoked, in which case this lien

---

[16] *See Wyoming Machinery Co. v. U.S. Fidelity and Guar. Co.*, 614 P.2d 716, 718, 720-21 (Wyo. 1980) (examining a contractual provision requiring that contractor "not make . . . a mechanic's lien or other lien or claim of any kind . . . against any building or other structure to which [the] [c]ontract relates" and finding that the agreement guaranteed "a lien-free project"); *Dobson v. Portrait Homes, Inc.*, 117 P.3d 1200, 1205 (Wyo. 2005) (explaining "[w]hether or not the lien was valid as a matter of law, [materialman's] waiver of the lien was sufficient as consideration for the compromise and settlement"); *Western Mun. Const. of Wyoming, Inc. v. Better Living, LLC*, 234 P.3d 1223, 1228 (Wyo. 2010) (holding that the district court committed error in failing to order owner to comply with a settlement agreement that included a lien waiver); *see also Overcast v. Baldwin*, 544 P.2d 464, 465 (Wyo. 1976) ("We do not rewrite clear contracts.").

[17] WYO. STAT. ANN. §§ 29-1-103 to 29-10-106; *See* GSL Answering Br. at 9-12.

4

waiver shall remain in full force and effect. The foregoing waiver shall not apply, however, if payment tendered by the owner is dishonored or revoked.
By:_____
      subcontractor/materialman/employee
Title:
Date:[18]

GSL argues that the plain language of the Wyoming Act requires any waiver of statutory liens to conform to the requirements of § 29-10-101(b). Because the Lien Waiver provision in the GSL Agreement states that it applies only "[t]o the extent permitted by law," GSL maintains that the Lien Waiver does not meet this standard.

The lien waiver form of §29-10-101(b) is referenced in the "Preliminary Notice" section of the Wyoming Act applicable to Contractors and Materialmen, which provides:

> a) With respect to perfecting the right to file a construction lien under this chapter, the following preliminary notice requirements shall apply:
>
>> (i) The contractor, subcontractor and materialman shall send written notice to the record owner or his agent, of the right to assert a lien against the property for which services or materials are provided if the contractor, subcontractor or materialman is not paid, and the right of the owner or contractor to obtain a lien waiver upon payment for services or materials. Each subcontractor and materialman shall provide a copy of the written notice to the contractor for which the subcontractor or materialman is providing services or materials;[19]

The form for the preliminary notice, which is found in § 29-10-101(a) advises that an owner can avoid the filing of liens by obtaining "lien waivers" from the contractors, subcontractors and materialmen when paying for labor and materials. The form also warns that "[f]ailure to secure lien waivers may result in your paying for the labor and materials twice. A form of lien waiver is attached to this notice."[20]

---

[18] Wyo. Stat. § 29-10-101.
[19] Wyo. Stat. § 29-2-112.
[20] Wyo. Stat. § 29-10-101(a), referring to the lien waiver form in §29-10-101(b).

5

The Debtors argue, and I agree, that the form at section 29-10-101(b) serves only to protect owners from contractors, subcontractors, and materialmen seeking multiple payment and does not function to prohibit other forms of lien waiver. The plain language of the Wyoming Act provides that the lien waiver form is used when an owner pays for labor and materials and is not applicable to a "preemptive" waiver of liens. GSL's assertion that Wyoming law requires the Lien Waiver to comply with the form in § 29-10-101(b) has no merit.

Moreover, the Debtors assert that GSL's interpretation of the statute is flawed because the Wyoming legislature has specifically considered the enforceability of contractual lien waivers, and has not limited them except in two discrete instances not before the Court here.[21] Further, under the doctrine of *expressio unius est exclusion alterius*, the decision by the Wyoming legislature to limit lien waivers only in certain prescribed circumstances reflects the legislature's intent to permit the enforcement of lien waivers in other contexts.[22]

In conclusion, the statute does not restrict contracting parties from agreeing to waive any liens in the first instance – as GSL did here. As such, GSL effectively waived its right to assert a

---

[21] *See* WYO. STAT. ANN. § 29-8-106 (precluding lien waivers solely in the context of agricultural producer liens under chapter 8 of the Act); WYO. STAT. ANN. § 29-2-106(b) (limiting contracting parties solely from contractually waiving the rights of subcontractors and materialmen who are not parties to the agreement).

[22] *See Walters v. State ex rel. Wyo. Dep't of Transp.*, 300 P.3d 879, 884 (Wyo. 2013) ("The doctrine of *expressio unius est exclusio alterius* requires us to construe a statute 'that enumerates the subjects or things on which it is to operate, or the persons affected, or forbids certain things... as excluding from its effect all those not expressly mentioned.'") (citation omitted).

lien pursuant to the GLS Agreement, and I will grant the Debtors' motion for judgment on the pleadings. An appropriate order follows.

BY THE COURT:

_____
KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE

Dated: February 23, 2017

7